

# THE ATTORNEY GENERAL

# OF TEXAS

**GROVER SELLERS**

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Mr. T. M. Trimble, First Assistant
State Superintendent
State Department of Education

Dear Mr. Trimble:

Opinion No. O-6006
Re: Disposition and handling of
election returns - Independent
school district

This office is in receipt of your letter of April 25, 1944, together with the attached inquiry by H. W. Stillwell, Superintendent, Texarkana, Texas, Public Schools. The following is our opinion as to the answers to the various questions submitted to you by Mr. Stillwell.

His first inquiry is:

"Please give me directions about how to dispose of election returns, both for those of the current year as well as those for previous years."

It is our opinion that the election returns, both those for the current year as well as those for previous years, may be disposed of by burning or in any other manner; provided, that they must be retained and may not be disposed of for at least one year after the date of the election.

Article 3026, Vernon's Revised Civil Statutes, provides:

"When the ballots have all been counted, the managers of the lection in person shall make out triplicate returns of the same, certified to be correct, and signed by them officially, showing: First, the total number of votes polled at such box; second, the number polled for each candidate; one of which returns, together with the poll lists and tally lists, shall be sealed up in an envelope and delivered by one of the precinct judges to the county judge of the county; another of said returns, together with poll lists and tally lists, shall be delivered by one of the managers of elections to the county clerk of the county to be kept by him in his office open to inspection by the public for twelve months from the day of the election; and the other of said returns, poll and tally lists shall be kept by the presiding officer of the election for twelve months from the day of the election. In case of vacancy in the office of county judge, or the absence, failure or inability of that officer to act, the election returns shall be delivered to the county clerk of the county who shall safely keep the same in his office, and he, or the county judge, shall deliver the same to the commissioners' court on the day appointed by law to open and compare the polls. Acts 1883, p. 50; Acts 1st C. L. 1905, p. 541, sec. 91; G.L. vol. 9, p. 357."

Hon. T. M. Trimble, page 2 (O-6006)

We find no provision in the statutes or in the cases requiring that the returns themselves be preserved save those in the above quoted statute.

Lest disposition of returns be confused with disposition of "ballots," we are enclosing herewith a copy of our Opinion No. O-4038 which treats of that subject.

His second question is:

"For the current year to whom should the returns, made by the election officers, go? And in particular, do any of them go to any County Officer?"

Mr. Stillwell does not state the particular type of election to which this question relates. We are presuming that he refers to the elections of trustees for the Texarkana Independent School District and we answer his question accordingly.

It is our opinion that three copies of these returns should be made; that one copy of such returns should be retained by the presiding officer of the election; that the other returns should be made to the school board and not to any county official; that manual delivery to the shhool board should be effected by delivering one copy of the returns to the president of the school board and the other to the secretary of the school board.

Article 3026, V.R.C.S., quoted above, provides for the making of triplicate returns, that one return shall be retained by the presiding officer of the election and the other two delivered to the county judge and county clerk respectively.

The Texarkana Independent School District is created by Chapter 31 of the Local and Special Laws of the 36th Legislature at its Third Called Session, a s amended by the Special Laws of the 39th Legislature at its First Called Session in 1926, Chapter 49, page 152. Section 3 of said Chapter 31 was amended by Section 2 of Chapter 49 of the Special Laws of the 39th Legislature at its First Called Session to read, in part, as follows:

"All such elections shall be held in accordance with the State Laws governing elections, except that said board shall fix one or more voting places in each ward of the City of Texarkana, Texas, and said Board shall appoint a presiding officer to hold said election at each voting place, and such presiding officer shall select at least one judge and two clerks for the respective voting places, and said presiding officer, judges and clerks, shall act as managers of said election, and shall take the oath prescribed by law as in general elections, and make returns of said election to said board, as required by law at general election, and at the

first regular or called session thereafter the said school board shall canvass such returns, declare the results thereof and issue certificates of election to the persons shown by said returns to have been elected." (Emphasis supplied).

There is nothing in the special law precluding the retention of one copy of the return by the presiding officer of the election, and we believe that he should retain one copy.

However, unlike the rule in general elections, the special law does not specifically provide for manual deliver of the returnfs to any particular person or persons. It provides that the returns shall be made "to the board."

Our courts have repeatedly held that boards have no legal existence as such, except when their numbers meet together as a board. (Texas Jurisprudence, Volume 4 page 457; Webster, et al. Vs. Texas & Pacific Motor Transport Company, et al., 166 S.W. (2d) 75).

Therefore, it is our opinion that the delivery is not completely and legally effected until the returns are placed before the board meeting as such. However, speedy manual delivery of the election returns to the persons authorized to accept them presents a problem that must be met in a practical manner. It would be impractical and unreasonable to contend that it would be necessary for the school board to convene in a body in order to receive and retain the returns. The president and secretary of the Board of Trustees of the Texarkana Independent School District are the officers whose functions are most nearly comparable to those of the county judge and county clerk, who are charged with the duty of receiving election returns in general elections. For that reason, it is our opinion that manual delivery of the returns may be made to the president and secretary of the school board.

His third question is:

"When the returns come in from an election box with voted ballots or surplus ballots loose and not sealed, what is the school district supposed to do about the matter?"

It is our opinion that the school board should keep all of these ballots for one year after the election, and then burn them.

The special act quoted above adopts the rules of general elections as being applicable to elections in your district insofar as they are not changed by it. Article 3028, V.R.C.S., relating to general elections, reads, in part:

"Immediately after counting the votes by the managers of election, the presiding officer shall place all the ballots voted, together with one poll tax list and one tally list, into a wooden or metallic box, and

shall securely fasten the box with nails, screws or locks, and he shall, within ten days after the election, Sundays and the days of election excluded, deliver said box to the county clerk of his county, . . . whose duty it shall be to keep the same securely; . . . If no contest grows out of the election within one year after the day of such election, the said clerk shall destroy the contents of said ballot box by burning the same."

His fourth question is:

"Are the election officers supposed to give both the President and the Secretary of the School Board tally sheets, poll lists, returns, register of mutilated ballots, register of absentee votes, etc.?"

It is our opinion that separate copies of the returns, poll lists, and tally lists, should be made both to the president and secretary of the board.

Article 3026, V.R.C.S., hereinabove quoted, provides that such returns, poll lists, and tally lists shall be sealed up and delivered both to the county judge and to the county clerk. As we have stated before, it is our opinion that in school elections, the president and secretary of the school board perform similar functions to those of these county officers.

We are unable to find any law providing for the delivery both to the county judge and the county clerk (or in his case, to the president and secretary of the school board) individual copies of register of mutilated ballots, register of absentee votes, or other election materials, other than those mentioned in the preceding paragraph. For that reason we see no necessity for making such duplicate deliveries.

His fifth question is:

"Which envelope is to be opened when the returns are canvassed?"

It is our opinion that both the return made to the president and that made to the secretary of the school board may be opened.

The special act of the Legislature quoted above in our answer to Mr. Stillwell's second question provides, in part:

". . . such board shall canvass such returns, . . ."

Both the copy delivered to the president and that delivered to the secretary are official returns. It is therefor our opinion that in order to effect a complete canvass both copies should be opened.

His sixth question is:

"In regard to returns of previous years, how long is the school district to preserve the returns before destroying them? And when the Board does destroy them, are any kind of records or affidavits to be made or any particular form of procedure observed?"

The first clause of this inquiry is answered in our opinion as to Mr. Stillwell's first question set out above in this opinion.

We are unable to find any provision of law requiring any records or affidavits to be made or any particular form of procedure to be observed when the returns are destroyed.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ W. T. Curry

W.T. Curry
Assistant

WTC:ff:egw

APPROVED JUL 5, 1944
/s/ George W. Blackburn
(Acting) ATTORNEY GEN ERAL OF TEXAS

APPROVED
Opinion Committee
By G.W.B.
Chairman